# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARD K. SHIGEMURA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:07CV459CEJ/MLM |
| ) | |
| JIM MOORE, ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the court is the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Edward K. Shigemura ("Petitioner"). Doc. 1. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 15. Petitioner filed a Traverse. Doc. 17. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 13.

## I.
## BACKGROUND

In August 2005, Petitioner filed a petition for declaratory judgment in the Circuit Court of Cole County, Missouri, in which he alleged that on May 31, 1986, while he was on federal parole, the Maplewood Police Department arrested him, for receiving stolen property and hindering prosecution, case #545971; that in June 1986, after the grand jury returned a true bill, Petitioner surrendered to police and posted bond; that on July 8, 1986, a federal parole violation warrant was executed based solely on case #545971; that Petitioner violated his federal parole and was returned to federal custody from August 27, 1986, to June 24, 1987; that Petitioner was sentenced to a prison term of a total of twenty years in case #545971; that upon completing his federal parole violation term Petitioner was released to State custody commencing June 25, 1987, to serve his State term of

incarceration; and that the Department of Corrections (the "DOC") should credit Petitioner for "all jail time spent serving a parole violation" because the federal parole violation was related to the charge in case #545971. Resp. Ex. A. The State filed a Motion for Judgment on the Pleadings in response to the petition for declaratory judgment. Resp. Ex. C.

The State circuit court issued a Judgment & Memorandum granting the State's Motion for Judgment on the Pleadings and entering judgment against Petitioner. Petitioner filed a motion for writ of prohibition with the Missouri Supreme Court which was denied without explanation on September 26, 2006. Resp. Ex. J.

Petitioner filed his § 2254 Petition on March 7, 2007. In his § 2254 Petition Petitioner states as a basis for habeas relief that pursuant to Mo. Rev. Stat. § 558.031 he is entitled to eleven months jail time for the time he spent in federal custody upon his parole revocation.

## II.
## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"), applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254 a federal court is limited to deciding whether decisions of state courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). "'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" Evenstad v. Carlson, 470 F.3d 777, 782-83 (8th Cir. 2006) (quoting Williams v. Taylor, 529 U.S. 262, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. Id. at 283 (citing Buchheit v. Norris, 459 F.3d 849, 853 (8th Cir. 2006); Owsley v. Bowersox, 234 F.3d

2

1055, 1057 (8th Cir. 2000)). Thus, where there is no federal law on a point raised by a habeas petitioner, a federal court cannot conclude either that a state court decision is "'contrary to, or involved an unreasonable application of, clearly established Federal law' under 28 U.S.C. §2254(d)(1)." Id. at 784. "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). Id. at 783 (citing Tunstall v. Hopkins, 306 F.3d 601, 611 (8th Cir. 2002)). See also Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (holding that in the absence of controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court set forth the requirements for federal courts to grant writs of habeas corpus to state prisoners under § 2254. The Court held that "§2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for writ of habeas corpus with respect to claims adjudicated on the merits in the state court." Id. at 412. The Court further held that the writ of habeas corpus may issue only if the state-court adjudication resulted in a decision that:

> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. 412-13.

Williams further holds that the writ will not issue merely because the federal court concludes that the relevant state-court decision erroneously or incorrectly applied clearly established federal law. See id. at 411. "'Rather [the] application [by the state-court] must also be unreasonable.'" Copeland

3

v. Washington, 232 F.3d 969, 973 (8th Cir. 2000) (quoting Williams, 529 U.S. at 411). See also Siers v. Weber, 259 F.3d 969, 973 (8th Cir. 2001).

The Court further explained in Williams that for a state-court decision to satisfy the "contrary to" prong of § 2254(d)(1), the state court must apply a rule that "contradicts the governing law as set forth in [Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." 529 U.S. at 406. See also Price v. Vincent, 538 U.S. 634, 640 (2003). It is not necessary for a state court decision to cite, or even be aware of, applicable federal law, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

Additionally, § 2254(d)(2) provides that an application for writ of habeas corpus should not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Further, pursuant to § 2254(e)(1), "[a] state court's determination on the merits of a factual issue is entitled to a presumption of correctness." Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001). The state court's factual determinations "must be rebutted by clear and convincing evidence." King v. Kemna, 266 F.3d 816, 822 (8th Cir. 2001).

### III.
### DISCUSSION

Respondent contends that the issue raised in Petitioner's § 2254 Petition is not cognizable pursuant to federal habeas review. Petitioner argues that the State's refusal to credit him for time he spent in federal custody as a result of the revocation of his federal parole violates his constitutional rights.

4

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As stated above, when presented with a § 2254 habeas petition, a federal court is limited to decision whether the State court decision was "contrary to" or involved an "unreasonable application" of federal law. 28 U.S.C. §2254(d)(1). Issues concerning the interpretation and application of state law are not cognizable in federal habeas review. See Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994) (holding that it is not the province of a federal habeas court to reexamine state court determinations on state law questions; petitioner's claim was based only on Missouri law and actions of Missouri officials and thus may be addressed only by the Missouri courts); Higgins v. Smith, 991 F.2d 440, 442 (8th Cir. 1993) (holding that error in the interpretation and application of state law does not rise to the level of a constitutional violation cognizable in a federal habeas petition); Jones v. Armontrout, 953 F.2d 404, 405 (8th Cir. 1992) (holding that an incorrect application of a Missouri statute, without more, does not establish that a prisoner is being held in violation of the laws or constitution of the United States, which is a prerequisite for relief under § 2254). Further, the United States Supreme Court held in Garner v. Louisiana, 368 U.S. 157, 166 (1961), that a federal court is "bound by a State's interpretation of its own statute and will not substitute [the federal court's] judgment for that of the State's when it becomes necessary to analyze the evidence for the purpose of determining whether that evidence supports the findings of a state court."

First, upon deciding the issue which Petitioner presents in his § 2254 Petition the Missouri court relied on State law. In particular, the State circuit court noted that Petitioner was seeking jail-time credit in case #545971 for the time he spent serving a federal sentence after his federal parole was revoked, which was at least from August 27, 1986, to June 24, 1987. The State circuit court

found that Petitioner's claim was meritless based on Mo. Rev. Stat. § 558.031 (1986), which provided, in relevant part:

> 1. A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail both because awaiting trial for such crime and pending transfer after conviction to the department of corrections or human resources or the place of confinement to which he was sentenced. Time required by law to be credited upon some other sentence shall be applied to that sentence alone, except that
>
> (1) Time spent in jail or prison awaiting trial for an offense *because of a detainer* for such offense shall be credited toward service of a sentence of imprisonment for that offense even though the person was confined awaiting trial for some unrelated bailable offense;

Resp. Ex. D at 2 (emphasis added).

The State circuit court further reasoned that:

> Here, petitioner's time in federal custody was "required by law [namely, federal law] to be credited upon some other sentence[.]" Webster, 110 S.W.3d at 836; Mudloff v. Missouri Dep't of Corrections, 53 S.W.3d 145, 150 (Mo. App. W.D. 2001); see also Davison v. Missouri Dep't of Corrections, 141 S.W.3d 506, 511-12 (Mo. App. W.D. 2004) (interpreting 1995 version of Section 558.031). Nor was petitioner spending time in jail or prison awaiting trial *because of a detainer*. Any detainer filed with federal authorities did not *cause* petitioner to serve time in federal prison; it was the federal government's revocation of parole that caused him to serve that time. In any event, petitioner does not allege that a Missouri detainer was ever filed with the federal authorities, making proviso (1) inapposite.

Resp. Ex. D at 2 (emphasis in original).

Further, Petitioner does not assert a constitutional violation, but merely requires the court to interpret and apply Mo.Rev.Stat. § 558.031. While Petitioner alleges that his constitutional rights were implicated by the failure of the State to credit him for time spent in federal custody, federal law does not support such a conclusion. Under federal law, "failure to grant credit on an indigent prisoner's sentence for time spent in jail before sentencing for failure to meet bail due to *indigency* has constitutional implications." King v. Wyrick, 516 F.2d 321, 323 (8th Cir. 1975) (emphasis

added). Petitioner was not in federal custody due to indigency but rather because he violated parole. Indeed, Petitioner cannot point to Supreme Court precedent which is applicable to his claim or which the State court arguably misapplied. See Evenstad, 470 F.3d at 783 ("To obtain habeas relief, [the petitioner] must be able to point to the Supreme Court precedent he thinks the [] state courts acted contrary to or applied unreasonably."). As stated above, this court is limited upon habeas review pursuant to § 22 54 to deciding whether the decisions of state courts are contrary to or a reasonable application of clearly established federal law. See id. (citing Williams, 529 U.S. at 262).

To the extent that Petitioner relies on Goings v. Missouri Department of Corrections, 6 S.W.3d 906 (Mo. 1966) (en banc), to support his claim, the State circuit court held that Petitioner's reliance on that case is misplaced because the "applicable jail-time statute is the one in effect when petitioner committed his crimes, ..., in 1986." Resp. Ex. C at 1-2 (citing Davison v. Missouri Dep't of Corrections, 141 S.W.3d 506, 509 (Mo. Ct. App. 2004); Belton v. Moore, 112 S.W.3d 1, 2 n.3 (Mo. Ct. App. 2003)). The Missouri statute in effect at the time Petitioner committed his State crimes is quoted above.[1] There is no clearly established federal law on the issue raised by Petitioner in his

---

[1] Mo Rev. Stat. § 558.031 was amended in 1990 and 1995. The current statute states:

1. A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except:

(1) Such credit shall only be applied once when sentences are consecutive;

(2) Such credit shall only be applied if the person convicted was in custody in the state of Missouri, unless such custody was compelled exclusively by the state of Missouri's action; and

(3) As provided in section 559.100, RSMo.

7

§ 2254 Petition. [2] Under such circumstances and because the State court relied on State law when deciding the issue raised by Petitioner, the court finds that Petitioner's claim is not cognizable under § 2254 and that his § 2254 Petition should be dismissed in its entirety.

## IV.
## CONCLUSION

For the reasons stated above, the court finds that the issue raised in Petitioner's § 2254 Petition is not cognizable pursuant to federal law and that, therefore, Petitioner's § 2254 Petition should be denied in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED** and that it be **DISMISSED**; Doc. 1.

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time

---

[2] The United States Constitution prohibits sentencing a defendant pursuant to a statute not in effect at the time he committed an offense. Jones v. Arkansas, 929 F.2d 375 (8th Cir. 1991). That, however, is not the claim which Petitioner makes in his § 2254 Petition.

8

for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

        /s/Mary Ann L. Medler
        MARY ANN L. MEDLER
        UNITED STATES MAGISTRATE JUDGE

Dated this 29th day of August, 2007.